## GRIFFIN v. BLANCHAR.

THE trustee of a naked trust has no power to mortgage the trust estate.

Where the trustee of a naked trust is in actual possession of the trust estate, and conveys it, for a valuable consideration, to a purchaser without notice of the trust, the title of the purchaser will prevail.

Plaintiff conveyed to Mrs. B., with the consent of her husband, a tract of land in trust for certain children of Mrs. B. by a former marriage. The conveyance acknowledged the payment of a consideration of $12,000, but no part of this sum was actually paid. To secure its payment, together with other indebtedness, Mrs. B. and her husband executed their promissory notes, and a mortgage upon other property also held by her in trust for her children. By a subsequent arrangement between the parties, these securities were given up and canceled, and other notes of the same character executed, with a mortgage upon both pieces of property to secure their payment. Plaintiff seeks to enforce a

Griffin *v.* Blanchar.

lien against the property for the amount of these notes : *Held,* that as the plaintiff had actual notice of the trust, no equity was created in his favor by the execution of the mortgage, and that the mortgage as such was void ; that his lien as vendor was waived by the acceptance of the personal security of Mrs. B. and her husband, and his only remedy is personal action on the notes.

Any conduct which shows an intention on the part of a vendor of real estate to give up his lien for the purchase money, will be a bar to its assertion, and the acceptance of collateral security raises the presumption of such intention— though this presumption may be rebutted by evidence.

After plaintiff has obtained judgment on the notes in this case, he may subject the property to its payment. A Court of Equity would hold the property as that of Blanchar and wife, responsible for their debts before it goes as a mere donation to the children.  BALDWIN, J.

APPEAL from the Tenth District.

The main facts are stated by the Court.   The suit was against Mrs. Blanchar and her husband I. D. Blanchar, as individuals, against her as trustee of her minor children, Harriet M. and S. Risley, and against said children as minor heirs of J. Risley, deceased.

Defendants demurred to the complaint on the grounds that there was a misjoinder of parties defendant, and that the complaint does not state facts sufficient to constitute a cause of action.   Demurrer sustained, no reason being assigned, and final judgment for defendant from which plaintiff appeals.

*R. S. Mesick,* for Appellant.

I. This suit being for the purpose of enforcing a claim against a trust estate, the beneficiaries, *i. e.* the Risley children, were proper parties.

II. The complaint states facts sufficient to constitute a cause of action.

As to the Blanchars.   The Blanchars both executed the note and mortgage sued on.   The note would seem to bind I. D. Blanchar, and the mortgage would bind whatever estate in the mortgaged premises they had in their own right.   As to the Risley heirs.   The complaint shows that the money sued for is part of the purchase money due plaintiff for the very land which created

what they call their trust estate, and which is covered by the mortgage to plaintiff. The question is, can the Risley heirs and the trustee keep the property, and refuse to pay for it?

We say—1st. The mortgage is a valid incumbrance upon the estate. 2d. It would be against good conscience and equity to do so.

1. The mortgage is a valid incumbrance upon the property. At common law a trustee held the legal estate. The statute of uses was passed for the purpose of divesting the trustee of that estate and vesting the ownership in the beneficiary, and leaving the trustee charged only with certain powers in relation to it. (Hill on Trustees, 63 and 229, side page.)

Control over the exercise of these powers became a part of the jurisdiction of Courts of Chancery, and trustees with but the legal estate were destitute of the general powers of ownership which with it they exercised. The statute of uses, it is believed, has not been adopted in this State. But this is not material, for this conveyance from plaintiff to Martha I. Blanchar is a deed of bargain and sale to her in trust for the use of, etc., and even under the statute of uses such a deed lodged the legal estate in the bargainee. (*Jackson* v. *Cary,* 16 Johns. 302.) The conveyance to her by plaintiff was in fee even without the use of the word heirs. (Wood's Dig. 104, art. 381.)

Then Mrs. Blanchar held the legal estate, and the mortgage by herself and husband to plaintiff was legal and valid, and there was nothing in the way of her executing a valid and binding conveyance or mortgage of that estate. Her conscience was her restraint in the management and disposal of the estate.

But, say respondents, perhaps such is the rule of law; but this is an equity proceeding, and equity may declare this mortgage invalid, though good at law, the whole matter being before it. But a Court of Equity will not set aside a legal conveyance for the purpose of working a wrong, and suffer the grantees to keep the property without paying for it. It will rather uphold the conveyance when that can be done and justice be promoted. (Comyn's Dig. 3, F. 3.)

Even when the trustee does not take the legal estate, and is consequently under the control of a Court of Equity, the Court will uphold that done without direction or authority in reference to such estate, which the Court would have directed or allowed to be done if application for permission and authority had been first made.

In this view of the case, the Court should sustain this mortgage given for part of the purchase money of this very estate. (1 Story's Eq. Jur. 80, sec. 64, g; 2 Id. 342–343, secs, 995, 996; Id. 820, sec. 1357.)

It will not do to say plaintiff has the notes of third parties and might rely on them, for that would be only to remit us to them for our money, and place them in our stead to seek relief in this Court against the estate. This Court would no more compel them to lose by the estate than it will the plaintiff. (1 Story's Eq. Juris. 78; 2 Id. 713, sec. 1250.)

2. But even if this mortgage be not a valid incumbrance on the estate, then the estate is under the control of a Court of Equity, with ample powers to do justice to plaintiff in their ordinary exercise, and compel payment of that which is justly due plaintiff as purchase money of the very property which created this estate. It may be done on the same principle by which creditors are aided against heirs and legatees, and married women having separate property. The proposition seems monstrous, that a Court of Equity should protect this trust institution in doing wrong—in refusing to pay its honest debts.

*T. B. Reardan,* also for Appellant.

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

On the tenth of July, 1853, the plaintiff conveyed to Martha J. Blanchar, with the consent and approbation of I. D. Blanchar, her husband, a tract of land, in trust for certain children of Mrs. Blanchar by a former marriage. The conveyance acknowledged the payment of a consideration of $12,000, but no part of this sum was actually paid. To secure its payment, together with other

indebtedness, Mrs. Blanchar and her husband executed their promissory notes, and a mortgage upon other property also held by her in trust for her children.  By a subsequent arrangement between the parties, these securities were given up and canceled, and other notes of the same character executed, and a mortgage given upon both pieces of property to secure their payment.  Upon these facts the plaintiff seeks to enforce a lien against the property for the amount of these notes.

It is well settled that the trustee of a naked trust has no power to bind the trust estate by a mortgage.  His powers over the estate are very limited, and it is a general rule in equity that he can do no act to the prejudice of the *cestui que trust*.  The only exception seems to be, that where the trustee is in actual possession of the estate, and conveys it, for a valuable consideration, to a purchaser who has no notice of the trust, the title of the purchaser will prevail.  (Hill on Trustees, 316.)  In this case the plaintiff had actual notice, and no equity was created in his favor by the execution of the mortgage.  His equitable lien as vendor was waived by the acceptance of the personal security of the Blanchars for the payment of the debt.  Upon this subject see *Wilson* v. *Graham*, 5 Munf. 297 ; *Williams* v. *Roberts*, 5 Ohio, 35 ; *Boon* v. *Murphy*, 6 Blackf. 273 ; *Conover* v. *Warner*, 1 Gilm. 498, and *Campbell* v. *Baldwin*, 2 Humph. 248.  The rule is, that any conduct which shows an intention to give up the lien will be a bar to its assertion, and the acceptance of collateral security is sufficient to raise the presumption of such an intention.  This presumption may be rebutted by evidence, but there is nothing in this case to show that an intention existed different from that indicated by the facts stated.

The case may be one of great hardship, but we cannot administer relief on that ground.  The plaintiff has no remedy as against the property, and must be remitted to his personal action upon the notes.

Judgment affirmed.

BALDWIN, J.—I concur in the opinion and judgment.  I think,

Griffin *v.* Blanchar.

however, that the plaintiff is not without remedy.   The plaintiff sold to Blanchar and wife—*they* were to pay—the children were mere donees of them, receiving the benefit of this purchase. Blanchar and wife executed a mortgage on other property of which they were trustees ; this they had no right to do, so as to bind the property ; but this arrangement was afterwards set aside, and then Blanchar and wife executed a mortgage on this property, which they had no power to do.   On a judgment against Blanchar and wife, this property could be subjected, for the debt was created by Blanchar and wife previously to the conveyance to the children— which conveyance seems to have been a mere voluntary donation— and they being such donees, the conveyance by the act and credit of Blanchar and wife, though made to the wife as trustee for the children, would be, in equity and effect, a conveyance by Blanchar and wife to the children.   But Blanchar and wife could not convey this property while they owed debts, so as to deprive the creditor of this means of payment, especially of a debt created for the pur- chase of the very property conveyed.   But this remedy of the plaintiff can only arise after judgment on the notes, though, after judgment, he might sell the property under execution, or file a bill to subject it.   The debt must be reduced to judgment before this property can be subjected.

I can see no difference between Blanchar and wife taking a deed in their own names for this property and then conveying it to these children, and their making this bargain, and getting the plaintiff to convey to them, or either, as trustees for the children.   In either case, the contract made by them on their individual responsibility, for the conveyance of this property, would be in effect a gift or voluntary settlement upon the children.   But the children could not get the property without paying for it.   It would be fraudulent to do so, and a Court of Equity would hold the property as that of Blanchar and wife responsible for their debts, before it went as a mere donation to these children.